GEORGE W. SMITH ET AL. v. DAVE BEAN.

Decided October 21, 1904.

Sequestration—Damages—Release of Mortgage.

Evidence considered and held insufficient to show a release of a duly recorded mortgage given on a horse to secure certain debts, so as to render the creditor liable to one purchasing from the mortgagor, for seizure of the animal under writ of sequestration.

Appeal from the County Court of Tyler. Tried below before Hon. W. A. Johnson.

*Chester, Crawford & Chester,* for appellants.

*J. W. Thomas,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover of appellants damages actual and exemplary for the alleged wrongful conversion of a horse belonging to appellee.

The amount claimed was $75, the value of the horse; $360, the value of its use, and exemplary damages in the sum of $500.

For cause of action appellee alleged the ownership of the horse to be in himself. That on the 17th of April, 1902, appellants, Geo. W. Smith, P. C. Votaw, the constable, and one Oxford, acting under a writ of sequestration issued out of the Justice Court of Newton County, wherein Smith was plaintiff and W. D. Singleterry was defendant, took forcible possession of the horse in question and converted him to their own use. That the writ was issued for the purpose of harassing appellee, and that Smith was actuated by malice and ill feeling toward appellee in procuring its issuance and execution.

The defendants pleaded to the jurisdiction on the ground that the actual damages shown to be recoverable by the allegations of the petition were beneath the jurisdiction of the court and that the exemplary damages were fraudulently pleaded to give the court jurisdiction. Exceptions were urged to that part of the petition claiming the value of the use of the horse.

The exception was overruled and the cause was tried to the court, the issues both of jurisdiction and liability being submitted to him. The plea to the jurisdiction was overruled and judgment rendered in favor of appellee for $75 as the value of the horse, $75 for its use and $75 exemplary damages. The facts are as follows:

Appellee purchased the horse, claiming title thereto under mesne conveyances from W. D. Singleterry. Prior to the sale of the horse by Singleterry the latter had executed to Smith a mortgage thereon in writing to secure certain debts due Smith by him aggregating $121.90. This mortgage was promptly placed of record. After the purchase by appellee Smith brought suit in the Justice Court of Newton County to

recover his debt as against Singleterry and to foreclose his lien as against both the latter and appellee. Out of this proceeding the sequestration issued, the levy of which is complained of by appellee. Appellee was named in the writ as one of the defendants. It was agreed that all the papers in this cause were lost or destroyed except the judgment and the docket entries of the justice of the peace. It was further shown that at the trial of the cause the constable was in possession of the horse and that it was subsequently sold under order of sale issued by the justice and bought in by appellant Smith.

To overthrow this proof appellee introduced one witness who testified that prior to the bringing of the suit and after the purchase of the horse by appellee, Singleterry tendered to Smith the amount due on the mortgage and that Smith declined to accept it and proceeded to sue and sequester. This witness also swore that Smith released the mortgage before suit.

It further appeared that Smith and Bean were not acquainted, and Bean admitted that he did not specifically authorize the item for exemplary damages and did not know it was in the petition until after the suit was filed.

As the appellee remitted the sum recovered for the use of the horse and abandons his claim therefor, we do not pass on the assignments addressed to that feature of the case.

In the light of the facts, which we do not undertake to state in detail, we can not disturb the action of the court in overruling the plea to the jurisdiction.

The judgment must be reversed, however, upon another ground. The validity of the judgment depends upon the proof that the mortgage was released prior to the issuance of the writ. One witness testified to this as a fact, but we are of opinion that in view of other undisputed facts in the case her testimony is too improbable, and the judgment was against the manifest truth of the case.

The existence of the duly recorded mortgage, the suit in the Justice Court, the issuance of the writ, the judgment thereafter, the sale of the horse by order of the court, the fact that Bean was a defendant therein, are shown beyond dispute. To these must be added the testimony of Smith. It further appears that Smith and Singleterry were bitter enemies and that the latter was indicted for unlawfully selling the mortgaged property. All this is so inconsistent with the statement that Smith gratutitously released the mortgage and refused to accept his money we conclude the judgment should not be allowed to stand.

Appellants make the point that the court erred in admitting the testimony of Clemmie Singleterry that the mortgage was released, because it amounted to a collateral attack on the justice judgment. Strange to say, though the judgment in that cause was shown to be in existence, neither the original nor a certified copy was adduced and its nature was without objection shown by parol only in a most vague and general way.

The defendants Smith and Votaw did not plead res adjudicata of the issue of discharge of the mortgage.

The judgment can therefore be considered only for the purpose (in connection with the other facts) of ascertaining the truth of the claim that the mortgage was discharged.

For the reasons given the judgment is reversed and the cause remanded. Had the justice judgment been properly pleaded and its character fully shown we would reverse and render the judgment, but in the present condition of the record we deem it proper to reverse and remand, and it is so ordered.

*Reversed and remanded.*